UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTSY LABS, LLC; ZURU INC., | ) |
| Plaintiffs, | ) |
| | ) No. 22 C 1801 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A THERETO, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiffs Antsy Labs, LLC ("Antsy Labs") and Zuru Inc. ("Zuru") filed this lawsuit against the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations identified on Schedule A, including Defendants Kakaixi, Dragonflydreams, and Fidget Dice (the "Moving Defendants"). Plaintiffs allege copyright infringement in violation of 17 U.S.C. § 101 *et seq.*, false designation of origin in violation of 15 U.S.C. § 1125(a), and violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), 815 Ill. Comp. Stat. 510/1 *et seq.* While Plaintiffs have settled with or obtained a default judgment against many of the defendants named on Schedule A, the Moving Defendants have appeared in this case and filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court allows Plaintiffs to proceed on their copyright infringement claim. But the Court dismisses the false designation of origin and IUDTPA claims because Plaintiffs have failed to sufficiently allege the existence of a valid mark.

**BACKGROUND**[1]

Antsy Labs created the original Fidget Cube product in 2016, publishing it on the KickStarter platform in August 2016. In early 2017, Antsy Labs granted Zuru a license for the intellectual property rights associated with the Fidget Cube product. Antsy Labs then applied for a copyright for its Fidget Cube product in June 2017. The United States Copyright Office issued a certificate of registration for the Fidget Cube product with an effective date of June 30, 2017. Antsy Labs deposited an exemplary unit of the Fidget Cube with the United States Copyright Office, which is available for inspection, and appears as such:



Doc. 1 ¶ 10. Antsy Labs registered the trademark "Fidget Cube by Antsy Labs" on September 18, 2018, with a first use date of August 30, 2016. Doc. 53-1 at 38.

Since April 2017, Plaintiffs have been the official sources for the genuine Fidget Cube product line in the United States. Plaintiffs have spent substantial time, money, and resources developing, advertising, and promoting Fidget Cube products. As a result, products with the Fidget Cube name and mark are widely recognized and associated with products sourced from Plaintiffs.

---

[1] The Court takes the facts in the background section from Plaintiffs' complaint and exhibits attached thereto and presumes them to be true for the purpose of resolving the Moving Defendants' motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013). Although the Court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment, *Jackson v. Curry*, 888 F.3d 259, 263 (7th Cir. 2018), the Court may consider "documents that are central to the complaint and are referred to in it" in ruling on a motion to dismiss, *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). The Court "may also take judicial notice of matters of public record." *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1043–44 (7th Cir. 2019).

The Moving Defendants sell products on Amazon, including fidget toys that are at least substantially similar to Plaintiffs' Fidget Cube products. Plaintiffs allege that the following products sold by the Moving Defendants infringe Antsy Lab's copyright:



Doc. 53-1 at 5, 15, 21. Plaintiffs also allege that the Moving Defendants use the Fidget Cube mark in connection with the sale of these products, creating a false and misleading representation as to the origin and sponsorship of the products.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

ANALYSIS

I. **Copyright Infringement Claim (Count I)**

To state a claim for copyright infringement under 17 U.S.C. § 106, Plaintiffs must plausibly allege that (1) they own a valid copyright, and (2) the Moving Defendants copied "constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The Moving Defendants make three arguments for dismissal of this claim.

First, the Moving Defendants argue that Plaintiffs have not provided them with fair notice of Plaintiffs' copyrighted work. But the Moving Defendants ask too much of Plaintiffs at this stage, particularly given that a copyright infringement claim need not meet Rule 9(b)'s particularity requirements. *Mid Am. Title Co. v. Kirk*, 991 F.2d 417, 421–22 (7th Cir. 1993). Plaintiffs have not only provided the copyright registration but also included a photograph of the Fidget Cube product, comparing it to an example of an allegedly counterfeit product. *See* Doc. 1 ¶ 30. The complaint also includes an image from Plaintiffs' website, which describes the Fidget Cube product as having "six sides," with "[e]ach side featur[ing] something to fidget with: Click. Glide. Flip. Breathe. Roll. Spin." *Id.* ¶ 11. This further explains the contours of the copyrighted work. *Cf. Art of Design, Inc. v. Pontoon Boat, LLC*, No. 3:16-CV-595, 2017 WL 3608219, at *4 (N.D. Ind. Aug. 22, 2017) (plaintiff did not sufficiently identify the copyrighted designs at issue where, although it did provide the copyright registration numbers, it did not include "any descriptions or explanations as to what the designs are or look like"). Further, the Moving Defendants' briefing belies their argument that they have to "guess" at what Plaintiffs claim constitutes the copyrighted work, Doc. 53 at 4, as they instead make specific arguments as to how their products differ from the Fidget Cube product, *id.* at 7–8; *see Uniface B.V. v. Sysmex*

4

*Am., Inc.*, No. 20 C 6478, 2021 WL 2291075, at *9 (N.D. Ill. June 4, 2021) (rejecting argument that the complaint did not place the defendant on fair notice of the alleged copyright infringement where the defendant "acknowledge[d] that its defense will include a 'comparison of the Uniface Software Program to Sysmex's WAM Software,' thereby suggesting Sysmex is aware of what it is accused of copying" (citation omitted)). Thus, the Court finds that Plaintiffs' complaint provides the Moving Defendants with sufficient notice of the grounds upon which the copyright infringement claim rests.

      The Moving Defendants next challenge the validity of the copyright, arguing that the Fidget Cube product involves an uncopyrightable functional industrial design. *See Am. Dental Ass'n v. Delta Dental Plans Ass'n*, 126 F.3d 977, 980 (7th Cir. 1997) ("Congress permits works of art, including sculptures, to be copyrighted, but does not extend the copyright to industrial design, which in the main falls into the province of patent, trademark, or trade dress law. When the maker of a lamp—or any other three-dimensional article that serves some utilitarian office—seeks to obtain a copyright for the item as a sculpture, it becomes necessary to determine whether its artistic and utilitarian aspects are separable. If yes, the artistic elements of the design may be copyrighted; if no, the designer must look outside copyright law for protection from imitation." (citations omitted)). But here, Plaintiffs have attached the copyright registration, which "constitutes *prima facie* evidence of the validity of a copyright." *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994). Thus, at the motion to dismiss stage, the Court accepts Plaintiffs' allegations that they have obtained a valid copyright for the Fidget Cube product and leaves the question of the validity of the copyright for a more developed record. *See Mid Am. Title Co.*, 991 F.2d at 422–23 (determining validity of a copyright "at the pleading stage will often be impossible" and is "more properly addressed at the

summary judgment stage"); *Symbria, Inc. v. Callen*, No. 20-CV-4084, 2022 WL 60530, at *14 (N.D. Ill. Jan. 6, 2022) ("[B]ecause Symbria alleges it owns copyright registrations for all of the aforementioned works, this Court presumes its works possess the minimal originality necessary to establish ownership of a valid copyright. Symbria need not allege more at the pleadings stage to demonstrate ownership of a valid copyright." (citation omitted)).

Finally, the Moving Defendants argue that Plaintiffs have not sufficiently alleged that the Moving Defendants copied the original product. The Court may infer copying from allegations that the Moving Defendants had an opportunity to copy the original, referred to as "access," and that the works in question are "substantially similar" to each other, or, in other words, "that the two works share enough unique features to give rise to a breach of the duty not to copy another's work." [2] *Peters v. West*, 692 F.3d 629, 633–34 (7th Cir. 2012). The Moving Defendants argue that their products are distinguishable from the Fidget Cube product, negating any finding of substantial similarity. The Moving Defendants highlight the following differences: (1) the Moving Defendants' products have a truncated cube shape, which adds additional sides and designs to the product; (2) the features on the sides of the Moving Defendants' products are different, as evidenced most obviously by a high joystick that the Fidget Cube does not have; and (3) the Moving Defendants' products use different color schemes and paintings. Plaintiffs respond that that these amount to "superficial distinctions" that ignore the relevant inquiry. Doc. 69 at 10–11; *see Wildlife Express Corp.*, 18 F.3d at 511 (finding that differences in color and type of material used "are of minor importance in the overall artistic expression . . . and, consequently, they do not preclude a finding of infringement," collecting cases); *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 618 (7th Cir. 1982) ("Although numerous

---

[2] The Moving Defendants do not challenge the access element of copying, and so the Court does not address that here.

differences may influence the impressions of the ordinary observer, 'slight differences between a protected work and an accused work will not preclude a finding of infringement' where the works are substantially similar in other respects. Exact reproduction or near identity is not necessary to establish infringement." (citations omitted)), *superseded on other grounds as recognized in Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423 (7th Cir. 1985).

      The Seventh Circuit has made clear that district courts can address substantial similarity on a Rule 12(b)(6) motion, considering in great detail whether a plaintiff has plausibly alleged that a defendant's work infringes on a copyright. *See, e.g.*, *Hobbs v. John*, 722 F.3d 1089, 1096 (7th Cir. 2013) (holding, "as a matter of law," that two songs are not "substantially similar" and affirming the dismissal of copyright claims on a motion to dismiss); *Peters*, 692 F.3d at 636 (concluding that a plaintiff's "claim for copyright infringement fails as a matter of law" at the motion to dismiss stage). But here, the Court does not have sufficient information before it to make that determination as a matter of law. Instead, Plaintiffs have plausibly alleged that the Moving Defendants' and Plaintiffs' products share enough unique features to be considered substantially similar. *See Joint Comm'n on Accreditation of Healthcare Orgs. v. Fortis Business Media*, No. 16 C 04724, 2017 WL 3895594, at *7 (N.D. Ill. Sept. 6, 2017) ("First, the Court is ruling on a motion to dismiss; the question here is not whether the plaintiff has proven substantial similarity but whether it has alleged sufficient facts to make such a claim plausible. That Fortis can identify differences between the works is a matter for consideration by a finder of fact at a later juncture. And second, a defendant cannot escape liability simply by adding more material to his infringing work 'if in other respects, similarity as to a substantial element of plaintiff's work can be shown.'" (citation omitted)). Therefore, Plaintiffs may proceed on their copyright infringement claim against the Moving Defendants.

**II.     False Designation and IUDTPA Claims (Counts II and III)**

Plaintiffs' false designation of origin and IUDTPA claims involve the same elements, and so the Court analyzes them together. *See Neuros Co. v. KTurbo, Inc.*, 698 F.3d 514, 523 (IUDTPA is "a statute generally thought indistinguishable from the Lanham Act except of course in its geographical scope"); *Monster Energy Co. v. Zheng Peng*, No. 17-cv-414, 2017 WL 4772769, at *3 (N.D. Ill. Oct. 23, 2017) (false designation of origin and IUDTPA claims "involve the same elements"). To adequately state a claim for false designation of origin under § 1125(a), Plaintiffs must allege "(1) that its mark is protectable, and (2) that the defendant's use of that mark is likely to cause confusion among consumers." *Phoenix Ent'mt Partners v. Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016).

The Moving Defendants first argue that Plaintiffs have not alleged a protectable trademark. Plaintiffs do not claim that they have a registered trademark for the phrase "fidget cube." Nonetheless, § 1125(a) applies to unregistered marks that are sufficiently distinctive to warrant protection under the Lanham Act. *Matal v. Tam*, --- U.S. ----, 137 S. Ct. 1744, 1752 (2017) ("[E]ven if a trademark is not federally registered, it may still be enforceable under § 43(a) of the Lanham Act, which creates a federal cause of action for trademark infringement."); *George G, LLC v. George Charles Salon Inc.*, No. 1:21-cv-02651, 2022 WL 823882, at *3 (N.D. Ill. Mar. 18, 2022) ("An unregistered mark can form the basis of a trademark infringement claim where the plaintiff demonstrates that the 'mark [i]s distinctive enough to warrant protection under the Lanham Act and that it has proper ownership of the mark.'" (alteration in original) (citation omitted)). "Marks are classified into five categories of increasing distinctiveness: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, and (5) fanciful," with the last three "automatically entitled to trademark protection because they are

8

inherently distinctive." *Platinum Home Mortg. Corp. v. Platinum Fin. Grp., Inc.*, 149 F.3d 722, 727 (7th Cir. 1998). Generic terms, *i.e.*, commonly used terms that do not identify a particular source, are not entitled to trademark protection. *Id.* And descriptive terms, *i.e.*, those that "describe[ ] the ingredients, qualities, or characteristics of an article of trade or a service," enjoy trademark protection only if the terms have acquired secondary meaning. *Id.* Secondary meaning occurs where the mark has become "uniquely associated with a specific source." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 766 n.4 (1992).

The Moving Defendants argue that the term "fidget cube" is generic, or at least a descriptive term that has not acquired secondary meaning, and so is not entitled to trademark protection. While distinctiveness is ordinarily a factual question, *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 420 (7th Cir. 2019), here, Plaintiffs have failed to set forth anything more than conclusory allegations suggesting that the term "fidget cube" is not generic and rather qualifies as a descriptive term that has acquired secondary meaning, despite having had the additional opportunity to do so in their response to the motion to dismiss. Indeed, Plaintiffs completely ignored the Moving Defendants' arguments as to the protectability of the claimed mark in their response, effectively conceding the point. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (a party waives an argument "by not responding to alleged deficiencies in a motion to dismiss"); *Grayson v. City of Aurora*, 157 F. Supp. 3d 725, 748 (N.D. Ill. 2016) ("[Plaintiff] failed to address the Defendants' challenge to his ability to prove the third element of his spoliation claim and has accordingly waived any argument."). Plaintiffs' allegations must "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and they have not

9

done so here with respect to the existence of a protectable mark. Therefore, the Court dismisses Plaintiffs' false designation and IUDTPA claims without prejudice.[3]

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the Moving Defendants' motion to dismiss [52]. The Court dismisses the false designation and IUDTPA claims (Counts II and III) without prejudice.

Dated: December 5, 2022

SARA L. ELLIS
United States District Judge

---

[3] Because the Court concludes that Plaintiffs have not sufficiently alleged a protectable mark, the Court does not address the Moving Defendants' arguments as to likelihood of confusion. If Plaintiffs seek to amend their complaint against the Moving Defendants to reallege the false designation and IUDTPA claims, however, the Court encourages Plaintiffs to consider whether they should provide additional allegations as to likelihood of confusion. *See Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014) ("Allegations of consumer confusion in a trademark suit, just like any other allegations in any other suit, cannot save a claim if they are implausible.").